# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYNONE MANUFACTURING CORP., | : | Civil No. 4:13-CV-671 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| SCOTT SULZBACH, | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff commenced this action by a complaint on March 14, 2013. (Doc. 1.) The defendant moved to dismiss this complaint on April 12, 2013, (Doc. 5.), and the plaintiff has now filed an amended complaint on April 23, 2013. (Doc. 7.) Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings, strongly favors amendment of pleadings at the outset of litigation, and provides in pertinent part as follows:

> **(a) Amendments Before Trial.**
> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> > **(A)** 21 days after serving it, or
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading

1

In this case the plaintiff timely amended this complaint within 21 days after service of the motion to dismiss. Therefore, the plaintiff is entitled to amend this complaint as a matter of course and all further proceedings shall be based upon this amended complaint.

We believe that this development has substantive significance for the parties since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case has been amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is now moot. Therefore, we will DISMISS the pending motion to dismiss the plaintiff's first complaint (Doc. 5.) as moot, but without prejudice to the defendants renewing these motions as to the second amended complaint.

SO ORDERED, this 24th day of April 2013.

                                      ***/s/ Martin C. Carlson***
                                      Martin C. Carlson
                                      United States Magistrate Judge