IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYNONE MANUFACTURING CORP., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT SULZBACH <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 13-cv-00671 <br> Hon. Matthew W. Brann <br> United States District Judge |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Scott Sulzbach ("Sulzbach"), by and through his undersigned counsel, McGuireWoods LLP, submits this memorandum of law in support of his Motion to Dismiss the Amended Complaint, and states as follows:

**INTRODUCTION**

Plaintiff Rynone Manufacturing Corp. ("Rynone") amended its complaint to avoid dismissal; however, even with the amendments the claims are still deficient. Rynone brings this action against its former employee, Scott Sulzbach, alleging breach of contract, misappropriation of trade secrets and tortious interference with business relations. While Plaintiff has added a few factual assertions, the Amended Complaint still fails to allege sufficient facts to state plausible claims for relief. Instead, Rynone simply seeks to go on a fishing expedition, dragging Sulzbach into time-consuming and expensive litigation without first having any factual basis for the claims.

In addition, the common law claims for misappropriation of trade secrets and tortious interference are preempted by the Uniform Trade Secrets Act, which provides the exclusive relief for any claim based upon misappropriation of a trade secret. Furthermore, the tort claims are also barred by the "gist-of-the-action" doctrine and the economic loss doctrine as the parties' relationship is governed by the contract. As such, the claims must be dismissed.

## ARGUMENT

### I. The Amended Complaint Should Be Dismissed as It Fails To State a Claim for Relief.

A complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted). The Court should disregard any legal conclusions and determine if the complaint contains sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Therefore, a complaint must set forth such facts that "raise a reasonable expectation that discovery will reveal evidence" of liability. *Twombly*, 550 U.S. at 555. As the Supreme Court explained, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" as required by Rule 8(a)(2), and the case should be dismissed. *Iqbal*, 129 S.Ct. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 1949.

Here, Rynone's claims constitute nothing more than legal conclusions and threadbare recitals of the causes of actions, which are prohibited by *Twombly* and *Iqbal*. The only factual

2

content that can be discerned from the cursory allegations is the existence of a contract and the assertion that Sulzbach disclosed some form of information. The Amended Complaint fails to allege *any* dates (other than incorrectly stating the date of the contract). Rynone does not identify the dates in which Sulzbach purportedly breached the contract or misappropriated any trade secrets. Rynone merely alleges that the purported misappropriation occurred "after leaving the employ of Plaintiff" (First Amended Complaint ("FAC"), ¶¶ 11-12), but fails even to allege when Rynone terminated defendant or when defendant became an employee of Virginia Marble. The Amended Complaint does not sufficiently identify the purported "trade secret" information that was allegedly disclosed or any facts sufficient to demonstrate that they constitute trade secrets and, therefore, are actionable. In addition, Plaintiff fails to allege when or how Sulzbach had access to the alleged trade secrets. Simply put, there is no who, what, when or where alleged in the Amended Complaint. Without this information, defendant cannot adequately prepare its defense to Plaintiff's claims. Courts have held that "[a] complaint fails to provide the defendant with fair notice of the grounds upon which the claim rests" where it fails to provide specific dates or approximate time periods of the complained-of conduct. *Lynch v. Ramsey*, No. 10-3436, 2010 WL 4400027, at *6 (E.D. Pa. Nov. 4, 2010); *see also O'Malley v. Wyoming Nat. Bank*, 15 F.R.D. 457, 458 (M.D. Pa. 1954) (explaining that because an averment of time is material, the plaintiffs should have averred when the alleged conduct occurred).

      Moreover, Rynone fails to recite even the elements of the three causes of action. Instead, in conclusory fashion, Rynone simply states that "Defendant tortiously misappropriated plaintiff's trade secrets" (FAC ¶ 17) and "Defendant is liable to plaintiff for tortious interference with an advantageous business relationship." (FAC ¶ 21). These unsupported legal conclusions are insufficient to state a claim. Plaintiff cannot merely go on a fishing expedition without

3

setting forth some specificity in support of its bald legal conclusions. As *Twombly* makes clear, Rynone must allege sufficient facts to state a plausible claim. 550 U.S. at 570. Rynone fails to do so and, as such, its claims must be dismissed.

## II. Plaintiff's Claims for Misappropriation and Tortious Interference Are Preempted by Statutory Law.

Each of Plaintiff's claims – including its claims for breach of contract and tortious interference of an advantageous business relationship – stem from the same purported disclosure of Rynone's alleged, but unspecified, "trade secret" information. (*See generally* Compl.) In fact, Plaintiff does not allege any separate facts (as none are pled to begin with) or allegations in connection with the different claims asserted. Instead, Rynone merely incorporates by reference its prior legal conclusions into each count of the Amended Complaint. As such, this Court should dismiss the claims for tortious misappropriation of trade secrets and tortious interference because they are preempted by the Uniform Trade Secrets Act ("UTSA").[1]

Section 5308 of the Pennsylvania Uniform Trade Secrets Act ("PUTSA") provides that it "displaces conflicting tort, restitutionary and other law of this Commonwealth providing civil remedies for misappropriation of a trade secret." 12 Pa.C.S.A. § 5308; *see also* Md. Com. L. Code § 11-1207 (Maryland); Va Code Ann. § 59.1-341 (Virginia). Here, all of the claims rest on the same alleged disclosure of Rynone's purported trade secret information. Count II simply states that "Defendant tortiously misappropriated plaintiff's trade secrets" – clearly falling within the preemption of PUTSA. (FAC ¶ 17). Similarly, Count III appears to assert that the alleged

---

[1] Even though Plaintiff brings this action in Pennsylvania, Plaintiff is a Pennsylvania corporation and the impact of any disclosure of the purported trade secrets would be felt in Pennsylvania, Plaintiff alleges that the "trade secrets" were disclosed in Virginia and interfered with a business relationship in Maryland. (FAC ¶ 17). While this would appear to raise an issue as to the applicable substantive law, all three states have adopted the UTSA, and each state's statute contains the identical preemption provision. 12 Pa.C.S.A. § 5308 (Pennsylvania); Md. Com. L. Code § 11-1207 (Maryland); Va Code Ann. § 59.1-341 (Virginia). Defendant refers only to the Pennsylvania Uniform Trade Secrets Act for ease of reference.

4

use of this trade secret information interfered with plaintiff's business. (FAC ¶¶ 19, 21). Because these claims arise solely from the alleged disclosure of trade secret information, they are preempted.

In *Power Contracting, Inc. v. Stirling Energy Sys., Inc*., No. 2:09-CV-00970, 2010 WL 4854072, at *5-6 (W.D. Pa. Nov. 22, 2010), the plaintiff alleged that the defendant misappropriated and converted its confidential trade secret information. The Court dismissed the common law claims for misappropriation and conversion because such claims are expressly preempted by PUTSA. *Id.* at *6. The Court explained that PUTSA displaced Pennsylvania's common law torts stemming from the alleged misappropriation or use of trade secret information. *See also Trident Products & Servs., LLC v. Canadian Soiless Wholesale, Ltd*., 859 F. Supp. 2d 771, 782 (E.D. Va. 2012) aff'd, 12-1668, 2013 WL 204670 (4th Cir. Jan. 18, 2013) (holding that the unjust enrichment claim was preempted under the Virginia statute because it was based upon the alleged misappropriation of trade secrets); D*uty Free Americas, Inc. v. Legg Mason Wood Walker, Inc*., No. 24-C-04-005696, 2005 WL 914395 (Md. Cir. Ct. Jan. 13, 2005) (dismissing common law claims as preempted by the Maryland statute as the claims were based upon the misappropriation of a trade secret).

Here, the claims are no different. Plaintiff specifically alleges that the information at issue constitutes "trade secrets." In addition, all of the claims stem from the alleged disclosure of the trade secrets. As such, the common law claims for misappropriation of trade secrets and tortious interference (Counts II and III) should be dismissed as preempted.

### III. The Gist-of-the-Action and Economic Loss Doctrines Bar Plaintiff's Misappropriation and Tortious Interference Claims

In addition to being preempted by statutory law, Rynone's common law tort claims for misappropriation and tortious interference are barred by the "gist-of-the-action" and economic loss doctrines.

Pennsylvania courts have recognized four areas where the gist of the action doctrine precludes recovery in tort: (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.[2] *Spruce St. Properties, Ltd. v. Noblesse*, 2:09CV1405, 2011 WL 4368398, at *10 (W.D. Pa. Sept. 19, 2011) (citing *eToll, Inc. v. Elias/Savion Adver., Inc.*, 2002 PA Super 347, 811 A.2d 10, 19 (Pa. Super. Ct. 2002)). Similarly, under the "economic loss doctrine," a plaintiff may not recover in tort for what is otherwise an allegation sounded in contract. *Samson Lift Technologies, LLC v. Jerr-Dan, Corp.*, No. 09-1590, 2010 WL 1052932, at *8 (M.D. Pa. Mar. 22, 2010) (citing cases).

---

[2] While the contract claim is governed by New York law, the common law claims are subject to a choice of law analysis to determine whether Pennsylvania, New York, Maryland or Virginia law would apply. However, under those states' law, the economic loss doctrine would similarly bar Plaintiff's tort claims. *See Samson Lift Technologies, LLC v. Jerr-Dan, Corp.*, No. 09-1590, 2010 WL 1052932, at *6 (M.D. Pa. Mar. 22, 2010) (finding no actual conflict between New York and Pennsylvania law as to whether the plaintiff's tort claims would be barred by the economic loss and gist of the action doctrines); *see also City of Kingston Water Dep't v. Charles A. Manganaro Consulting Eng'r*, 2003 WL 355763, at *3 (N.D.N.Y.2003) (applying New York law); *Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 26 (1987) (finding economic loss doctrine bars tort claims where the injury derives from contract claim); *Potomac Constructors, LLC v. EFCO Corp.*, 530 F. Supp. 2d 731, 737 (D. Md. 2008) (same under Maryland law).; JPS Elastomerics Corp. v. Indus. Tools Inc., 65 F. Supp. 2d 376, 382 (W.D. Va. 1998) (explaining that under Virginia law, "where a duty has been created solely by a contractual agreement, a breach of that duty supports only a breach of contract claim").

Numerous decisions have held that where the claims stem from conduct encompassed in a contract claim, no separate tort action should lie. *See Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc*., 247 F.3d 79, 106 (3d Cir. 2001) (explaining that if the misappropriation claims rested on the confidential information covered by the contract, the gist of the action doctrine would bar the claims); *Spruce St.*, 2011 WL 4368398, at *10 (barring the common law conversion, fraudulent misrepresentation and negligent misrepresentation claims under the gist-of-the-action and economic loss doctrines); *Friscarella v. Midland Mortg. Co*., 2011 U.S. Dist. LEXIS 53176, at *1–2 (W.D. Pa. May 18, 2011) (barring claims for violation of the Pennsylvania unfair trade practices law under the economic loss doctrine); *Samson*, 2010 WL 1052932, at *8 (dismissing the plaintiff's claim for tortious interference with economic advantage because it arose solely out of the obligations imposed upon the defendants under the terms of the contract); *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 622-24 (E.D. Pa. 2010) (finding the misappropriation of trade secrets, conversion and tortious interference claims were barred by the gist of the action doctrine); *Freedom Properties, L.P. v. Lansdale Warehouse Co. Inc* ., 2007 U.S. Dist. LEXIS 57116 at *22 (E.D. Pa. Aug. 7, 2007) (applying doctrine to preclude fraudulent inducement claim where fraud allegations were based "solely on a failure to perform in accordance with express contractual terms"); *Reilly Foam Corp. v. Rubbermaid Corp*., 206 F.Supp.2d 643, 659 (E.D. Pa. 2002) ("Inducement claims remain viable only when a party makes a representation extraneous to the contract, but not when the representations concern the subject matter of the contract or the party's performance.").

Here, Plaintiff has failed to point to any specific legal duty Defendant owed it which arose outside of the obligations contained in the contract. The confidentiality and non-compete agreement addresses the purported use and/or disclosure of Rynone's purported trade secret

7

information. Indeed, the only substantive averments in the Amended Complaint refer to or restate the contract terms (albeit with the incorrect execution date). (*See* FAC Count I). Therefore, the parties' relationship is governed by the contract, including any purported duties and liabilities stemming therefrom. The misappropriation and interference claims are identical to the claim asserted for breach of contract. (*Compare* Counts II and III *with* Count I). Rynone does not seek separate or distinct relief for any alleged injury or damages in connection with the misappropriation and tortious interference claims. As such, Counts II and III are barred by both the gist-of-the-action and economic loss doctrines.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter an order dismissing this case in its entirety and granting such further relief that the Court deems just and proper.

Dated: May 7, 2013　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Brad A. Funari
　　　　　　　　　　　　　　　　　　　　　　　Brad A. Funari**
　　　　　　　　　　　　　　　　　　　　　　　Pa. Id. No. 89575
　　　　　　　　　　　　　　　　　　　　　　　Laura A. Lange
　　　　　　　　　　　　　　　　　　　　　　　Pa. Id. No. 310733
　　　　　　　　　　　　　　　　　　　　　　　McGuireWoods LLP
　　　　　　　　　　　　　　　　　　　　　　　625 Liberty Avenue, 23rd Floor
　　　　　　　　　　　　　　　　　　　　　　　Pittsburgh, PA  15222
　　　　　　　　　　　　　　　　　　　　　　　(412) 667-6000
　　　　　　　　　　　　　　　　　　　　　　　bafunari@mcguirewoods.com
　　　　　　　　　　　　　　　　　　　　　　　llange@mcguirewoods.com

　　　　　　　　　　　　　　　　　　　　　　　**Special Admission Pro Hac Vice*

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record the Court's ECF system this 7th day of May 2013:

Leslie N. Reizes, Esq.
Reizes Law Firm
1200 South Federal Highway, Suite 301
Boynton Beach, FL 33435

/s/ Brad A. Funari