IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYNONE MANUFACTURING CORP.** | : CIVIL No. 4:13-CV-671 |
| Plaintiff, | : (Judge Brann) |
| v. | : (Magistrate Judge Carlson) |
| **SCOTT SULZBACH,** | : |
| Defendant. | : |

**REPORT AND RECOMMENDATION**

## I.   INTRODUCTION

Rynone Manufacturing Corporation ("Rynone" or "Plaintiff") initiated this action by filing a complaint on March 14, 2013, alleging, *inter alia*, that Defendant, Scott Sulzbach ("Sulzbach" or "Defendant") breached a Confidentiality and Non-Compete Agreement that was executed between Plaintiff and Sulzbach on June 7, 2002.[1]  After Sulzbach filed an initial motion to dismiss, Rynone amended its

---

[1] In addition to the breach of contract claim, the Plaintiff also alleged misappropriation of trade secrets and tortious interference with business relations, but in its brief opposing Defendant's motion to dismiss Rynone concedes that these latter two allegations are "either pre-empted by statute or otherwise barred as set forth in Defendant's Memorandum of Law at Points II and III". (Doc. 20, p. 1) As such, Plaintiff withdraws these two allegations and the only issue before the Court is the breach of contract claim.

complaint on April 23, 2013, thereby rendering the pending motion to dismiss moot. The amended complaint contained the same allegations as were set forth in the original complaint, but was further supplemented with additional facts. Now pending is a motion to dismiss the first amended complaint for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons that follow, we recommend that the motion to dismiss the amended complaint be denied.

## II. **BACKGROUND**

Rynone is a Delaware corporation with its principal place of business in Pennsylvania. Sulzbach is an individual residing in New York state. (Doc. 7, ¶¶ 1, 2) Sulzbach was formerly employed as the Director of Sales and Marketing for Rynone. On June 7, 2002, the parties executed a Confidentiality and Non-Compete Agreement ("Agreement"). (Doc. 7, ¶ 6; Doc. 7, Ex. A.)[2] In this Agreement the Defendant agreed that Rynone's "processes used in manufacturing, including formulations, designs, and production methods; marketing strategies; names and

---

[2] Plaintiff alleges in its amended complaint that the Agreement was executed on June 7, 2007 but that date is inconsistent with the date on the face of the Agreement (Doc. 7, ¶5). The Court will use the date actually written on the Agreement as the date that it was executed.

addresses of Plaintiff's customers are valuable, special and unique assets and constitute trade secrets." (Doc. 7, ¶ 7) Moreover, pursuant to the terms of the Agreement, Sulzbach agreed to abstain from soliciting Rynone's customers, or otherwise compete with Rynone, for a period of two years following the termination of his employment with Rynone. (Doc. 7, ¶ 14)

Through his role as the Director of Sales and Marketing, Sulzbach managed Rynone's account with NVR, Inc.[3], and was familiar with trade secrets, including products sold, costing and selling prices related to the NVR account. (Doc. 7, ¶6) Defendant further learned of manufacturing techniques and processes at the Rynone manufacturing plant in Waverly, New York, and became privy to other proprietary information at the Rynone offices in Sayre, Pennsylvania. (Doc. 7, ¶ 7)

Rynone alleges that Sulzbach left his employment with the company and thereafter became a representative of Virginia Marble Manufacturer's, Inc. (Virginia Marble), a competitor of Rynone. (Doc. 7, ¶ 11) Rynone claims that, in his capacity as a representative for Virginia Marble, Sulzbach caused NVR to become a client of Virginia Marble by using and revealing trade secrets he learned during his

---

[3] Plaintiff alleges in the amended complaint that the NVR account is one of Rynone's "most important accounts." (Doc. 7 ¶ 6)

employment with Rynone and while managing the company's NVR account.[4] (Doc. 7, ¶¶ 12, 13) Rynone contends that but for Defendant revealing "information and specifications as to granite slabs and under counter sink bowls which Plaintiff had been purchasing from China, together with details of Plaintiff's product sourcing, product ranges and percentage distribution for importation from China" NVR would never had switched suppliers. (Doc. 7, ¶¶ 14, 15) Because of this alleged breach of contract and misappropriation of proprietary information Rynone claims to have suffered significant financial and irreparable harm. (Doc. 7, ¶¶ 15, 20)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no

---

[4] Rynone sold NVR cultured marble and marble and granite vanity tops for over 25 years, and Virginia Marble had never sold marble or granite vanity tops as part of their product line before Sulzbach began working for the company. (Doc. 7, ¶¶ 8-10)

set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. *Id.* at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also, U.S. Express Lines, Ltd. v.*

5

*Higgins*, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

Given the Plaintiff's concession that its misappropriation of trade secrets and tortious interference with business relations claims are "either pre-empted by statute or otherwise barred as set forth in Defendant's Memorandum of Law at Points II and III" (Doc. 20, p. 1), the only issue before the Court is whether the amended complaint adequately pleads that Sulzbach breached the Confidentiality and Non-Compete Agreement he executed with Rynone. Rynone alleges that Sulzbach breached the Agreement by taking a position with a competitor, revealing information that was deemed to be trade secrets per the Agreement, and soliciting the business of one of his former clients.

As noted above, when the Court considers a motion to dismiss for a failure to state a claim, the Court must separate the facts in the complaint from the legal conclusions and accept as true all of the well pleaded facts while ignoring the

6

conclusions of law. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Then, the Court must determine whether the well-pleaded facts are sufficient show a plausible claim for relief. *Id.* This plausibility analysis is context specific and all facts must be viewed in light most favorable to the plaintiff. *Id.*

Upon consideration, we find that the relevant facts set forth in the amended complaint do adequately allege that the defendant breached the Agreement by accepting employment with Virginia Marble and subsequently soliciting the business of one of his former clients through the use of knowledge he acquired while in the employ of Rynone. While we recognize that the claim is not pleaded with temporal precision, we believe that the proper vehicle for correction of this alleged defect would be a motion for more definite statement, rather than a motion to dismiss.

Specifically, Sulzbach argues that the case should be dismissed because Rynone has not included any relevant dates pertaining to the breach (Doc.15 at 3); however in this case this point is ultimately not dispositive. The Agreement provides that the Defendant may not enter the employ of a competitor or solicit the business of any former clients within a two-year period from the date of termination. (Doc. 7, Ex. A.) Sulzbach contends that without the pertinent dates included in the amended complaint, the Plaintiff cannot demonstrate a breach of the Agreement because even if Plaintiff's

allegations are true, there is no clear allegation that Sulzbach's actions were within the two-year probationary window. (Doc 15, at 3.) Although we agree that the dates of the alleged breach will be relevant to Rynone's claim, we believe that the parties should be directed to proceed to discovery on this claim, during which the parties will readily be able to determine if these particular alleged breaches occurred within the two-year window prescribed by the Agreement.

Our recommendation that the motion to dismiss be denied and the parties directed to engage in discovery is further based on the fact that other breaches of the Agreement alleged in the complaint do not appear to be bound by the same two-year period. In addition to alleging that Sulzbach solicited business and accepted employment with a competitor, Rynone has also alleged that Sulzbach misappropriated confidential information that he obtained during his employment. The Agreement does not prescribe a time limitation on the confidentiality of this information. Paragraph 6 of the Agreement reads in total:

> *Confidentiality.* The Employee acknowledges that frequently during the course of employment, he will be accessing, evaluating and marketing products manufactured and marketed based on trade secrets. Employee hereby agrees not to disclose such information to any person and acknowledges that such disclosure would cause irreparable injury to the Employer. In addition, the Employer shall be entitled to injunctive relief in addition to any and all remedies available at law (Doc. 7, Ex. A).

Because the Agreement does not appear to impose a time limitation on the Plaintiff's duty to maintain the confidentiality of information learned during his employment with Rynone, unlike the way in which the Agreement limits other post-employment conduct, the specific dates as to when Sulzbach disclosed confidential information appear to be immaterial. Thus, it would appear that the only facts that the Plaintiff needs to allege in order to plead this particular claim is to aver that Sulzbach disclosed confidential information after he left his employment with Rynone. These are the facts actually alleged in this case.

Accordingly, we find that the defendant's motion to dismiss should, at this stage, be denied, and the case should be permitted to proceed to discovery. In the event that the defendant discovers evidence to support his argument that the Plaintiff's claims fail as a matter of law, or if the Plaintiff otherwise fails to develop sufficient evidence in support of its claims, the Defendant will remain free to seek dispositive relief at that time. However, the allegations set forth in the amended complaint, along with the reasonable inferences drawn from those allegations, causes us to find that the claims alleged are adequately pled, and that the defendant's motion to dismiss should be denied.

Finally, to the extent that Sulzbach, who is uniquely aware of the timing and circumstances surrounding his departure from Rynone and re-employment by Virginia Marble, deems to appropriate to secure greater specificity regarding the timing of Rynone's claims at the outset of this litigation, we believe that the more appropriate the vehicle for gaining such an understanding of the plaintiff's claims is a motion for more definite statement, made under Rule 12(e) of the Federal Rules of Civil Procedure.

Rule 12(e) provides in part that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Here the nature of the defendant's claims regarding the vagueness of the complaint may aptly:

> highlight the particular usefulness of the Rule 12(e) motion for a more definite statement. Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The Rule 12(e) "motion shall point out the defects complained of and the details desired." Id. When a complaint fashioned

under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006).

We leave this question, however, for another day, and another motion, if the Defendant deems such a motion to be prudent.

## V.  **RECOMMENDATION**

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT Defendants' motion to dismiss Plaintiff's amended complaint (Doc. 7) is GRANTED in part, given the plaintiff's concession that its misappropriation of trade secrets and tortious interference with business relations claims are "either pre-empted by statute or otherwise barred as set forth in Defendant's Memorandum of Law at Points II and III" (Doc. 20, p. 1), and DENIED with respect to the plaintiff's breach of contract claim.

> The parties are further placed on notice that pursuant to Local Rule 72.3:
> 
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days of being served with a copy thereof. Such party shall file with the

clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                            ***S/MARTIN C. CARLSON***
                                            Martin C. Carlson
                                            United States Magistrate Judge

Dated: September 27, 2013